1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TROY DEIMERLY,

           Plaintiff,

    v.

DAVE JOHNSON, *et al*.,

           Defendants.

Case No. C06-5002 RBL/KLS

REPORT AND
RECOMMENDATION

**NOTED FOR:
December 15, 2006**

17

18

19

20

21

22

23

24

25

26

       This civil rights action has been referred to United States Magistrate Judge Karen L.

Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  Plaintiff claims that he

was denied proper medical care while he was incarcerated at the Grays Harbor County Jail.  Presently

before the Court is the motion for summary judgment of Defendant Kathleen Alves.  (Dkt. # 44).

Defendant Alves argues that she provided medical treatment to Plaintiff consistent with the relevant

standard of care.  Plaintiff has not responded to the motion.  Under Local Rule 7 (b)(2) failure to file

papers in opposition to a motion may be deemed as an admission the motion has merit.  Having

reviewed Defendant Alves' motion, the Court recommends that it be granted and Plaintiff's claims

against her be dismissed with prejudice.

27

28

REPORT AND RECOMMENDATION - 1

# I.  FACTS

Plaintiff does not dispute Defendant Alves' facts which are as follows:

Defendant Alves is the President of Healthcare Delivery Systems, that provided the contracted medical services for the Grays Harbor County Jail during Plaintiff's incarceration. Defendant Alves holds the designation of Advanced Registered Nurse Practitioner (ARNP).  She personally provided care and treatment to Plaintiff during his incarceration at Grays Harbor County Jail between October 4, 2004 and approximately June 23, 2005.

Plaintiff was booked into the Grays Harbor County Jail on October 04, 2004.  He did not bring any medications with him.  Plaintiff requested medications on October 13, 2004 and was provided the following medications on October 15, 2004:

> Gabitril 2mg 2 x day
> Risperdal 2 mg 1.5 tabs at night
> Phenytoin 100mg 4 tabs at night
> Seroquel 200 mg 2 x day
> Clonazepam 1 mg 3 x day
> Celexa 20 mg daily

Plaintiff was subsequently admitted to Western State Hospital on October 25, 2004 and was released November 17, 2004.

On March 15, 2005, Defendant Alves saw Plaintiff during sick call at the Grays Harbor County Jail for a rash and treated him with hydrocortisone cream.  Plaintiff was noted to be quite drowsy and admitted to sleeping during the day.

On April 06, 2005, Defendant Alves ordered laboratory tests to monitor his chronic medications.

On April 13, 2005, Defendant Alves saw Plaintiff for medication issues.  Plaintiff told her that he was feeling over medicated and that he had not been taking the prescribed doses.  Plaintiff's Dilantin level was high and the dose was reduced with an order to recheck the level in one week. The Seroquel day dose was stopped and the entire dose was rescheduled for evening. The Clonazepam was discontinued with Plaintiff's agreement as he was not taking it as ordered.   Defendant Alves referred Plaintiff to Jan Kemmerer, the psychiatric ARNP, for further evaluation.

REPORT AND RECOMMENDATION - 2

1   On April 20, 2005, Defendant Alves saw Plaintiff for a lab draw and a complaint of genital

2   lesions. He voiced no complaints about medication or sleep problems.  Plaintiff was again referred to

3   Ms. Kemmerer.

4   On April 27, 2005, Defendant Alves saw Plaintiff for dental pain.  Plaintiff stated a desire to

5   resume the Clonazepam for anxiety.  He also requested Adderal for ADD/ADHD issues.

6   Additionally, Plaintiff requested Valtrex for persistent genital lesions.  He was treated with Valtrex

7   for presumptive recurrent herpetic lesions. He was prescribed and given Strattera for ADD/ADHD

8   history and anxiety.

9   On April 27, 2005 Defendant Alves returned a phone call from the jail related to Plaintiff. She

10  was told that Plaintiff had been in an altercation with another inmate and was complaining of nose

11  pain.  Defendant Alves advised application of ice, observation, and to call if there was significant

12  bleeding or other concerns.  Plaintiff was seen in sick call April 29, 2005 and diagnosed with a nasal

13  contusion with no treatment required.

14  Plaintiff was sent back to Western State Hospital on May 02, 2005, and was returned to

15  Grays Harbor County Jail on May 10, 2005 on the following medications:

16          Gabitril 2 mg 2 x daily
            Risperdal 4 mg at night
17          Dilantin 330 mg at night
            Celexa 20 mg daily
18

19  On May 13, 2005, Defendant Alves saw Plaintiff at his request.  Plaintiff had not been

20  restarted on the Clonazepam at Western State Hospital and wanted it prescribed for him. He stated

21  that he sued King County in the past due to medical issues.  Plaintiff also wanted to go back on the

22  Strattera as he felt that it helped him.  Defendant Alves declined to give him the Clonazepam as he

23  was on appropriate medications for his anxiety.  Defendant Alves pointed out that Western State

24  Hospital had not deemed it a necessary therapy either.   Defendant Alves did prescribe the Strattera

25  for him and referred him to Jan Kemmerer.  Plaintiff was also given Benadryl for itching.

26  Plaintiff requested a refill of his Valtrex on May 21, 2005 and Defendant Alves refilled it on

27  May 26, 2005.

28  REPORT AND RECOMMENDATION - 3

1    On June 08, 2005, Plaintiff saw Mr. Deimerly in sick call – he was in no acute distress and

2    Defendant Alves referred him to Jan Kemmerer.

3    On June 15, 2005, Defendant Alves saw Plaintiff in sick call for cellulites of his nose. He was

4    treated with Bactrim DS 2x daily for seven days and Tylenol 1 gram 3 x daily for pain for seven days.

5    At that time he reported that the Strattera was not helping his anxiety and lack of focus. He was

6    referred to Jan Kemmerer.

7    On June 22, 2005, Defendant Alves saw Plaintiff to recheck the infection in his nose. It was

8    well healed.

9    On June 23, 2005, Plaintiff was seen by Jan Kemmerer, ARNP. She prescribed an increased

10   dose of Risperdal and weaning off the Seroquel. She did not prescribe Clonazepam. Plaintiff was

11   transferred to prison later that week.

12

13                                  **II.  DISCUSSION**

14   **A.      Standard of Review**

15   Pursuant to Fed. R. Civ. P. 56 (c), the court may grant summary judgment "if the pleadings,

16   depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that

17   there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of

18   law." Fed. R. Civ. P. 56 (c).  The moving party is entitled to judgment as a matter of law when the

19   nonmoving party fails to make a sufficient showing on an essential element of a claim on which the

20   nonmoving party has the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1985).

21   There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a

22   rational trier of fact to find for the nonmoving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,

23   475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not

24   simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56 (e).  Conversely, a genuine dispute

25   over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring

26   a judge or jury to resolve the differing versions of the truth. Anderson v. Liberty Lobby, Inc., 477 U.S.

27   242, 253 (1986); T. W. Elec. Service Inc. v. Pacific Electrical Contractors Association, 809 F.2d 626,

28   REPORT AND RECOMMENDATION - 4

1    630 (9th Cir. 1987).

2         The determination of the existence of a material fact is often a close question.  The court must

3    consider the substantive evidentiary burden that the nonmoving party must meet at trial, e.g. the

4    preponderance of the evidence in most civil cases.  Anderson, 477 U.S. at 254; T.W. Elec. Service Inc.,

5    809 F.2d at 630.  The court must resolve any factual dispute or controversy in favor of the nonmoving

6    party only when the facts specifically attested by the party contradicts facts specifically attested by the

7    moving party. Id.

8         The nonmoving party may not merely state that it will discredit the moving party's evidence at

9    trial, in hopes that evidence can be developed at trial to support the claim.  T.W. Elec. Service Inc., 809

10   F.2d at 630 (relying on Anderson, *supra*).  Conclusory, nonspecific statements in affidavits are not

11   sufficient, and "missing facts" will not be "presumed."  Lujan v. National Wildlife Federation, 497 U.S.

12   871, 888-89 (1990).

13   **B.    Plaintiff Has Failed to State a Claim Under the Eighth Amendment**

14        To state a claim under 42 U.S.C. § 1983: (1) the defendant must be a person acting

15   under color of state law; and (2) his conduct must have deprived the plaintiff of rights, privileges, or

16   immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527,

17   535 (1981), *overruled in part on other grounds by* Daniels v. Williams, 474 U.S. 327 (1986).

18   Implicit in the second element is a third element of causation. *See* Mt. Healthy City School Dist. v.

19   Doyle, 429 U.S. 274, 286-87 (1977); Flores v. Pierce, 617 F.2d 1386, 1390-91 (9th Cir. 1980), *cert.*

20   *denied*, 449 U.S. 875 (1980). When a plaintiff fails to allege or establish one of the three elements,

21   his complaint must be dismissed.

22        In the present case, Plaintiff claims that Defendant Alves denied or delayed medical care to

23   him while he was incarcerated at Grays Harbor County Jail.  Accordingly, his claims are analyzed

24   under the Fourteenth Amendment Due Process Clause, rather than the Eighth Amendment.  Bell v.

25   Wolfish, 441 U.S. 520, 535 n. 16 (1979).  However, because pretrial detainees' rights under the

26   Fourteenth Amendment are comparable to prisoners' rights under the Eighth Amendment the same

27   standards are applied.  Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1198); Redman v. County of

28   REPORT AND RECOMMENDATION - 5

1    San Diego, 942 F.2d 1435, 1441 (9th Cir. 1991).  The Eighth Amendment requires prison officials to

2    take reasonable measures to guarantee the health and safety of inmates. Hudson v. Palmer, 468 U.S.

3    517, 526-27 (1984); Farmer v. Brennan, 511 U.S. 825, 834 (1994).   An inmate claiming an Eighth

4    Amendment violation relating to health care must show that the prison officials acted with deliberate

5    indifference to a serious medical need.  Estelle v. Gamble, 429 U.S. 97, 104 (1976).  The plaintiff

6    must prove both an objective and a subjective component. Hudson v. McMillan, 503 U.S. 1 (1992);

7    McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992).  First, the alleged deprivation must be,

8    objectively, "sufficiently serious." Farmer, 511 U.S. at 834.  A "serious medical need" exists if the

9    failure to treat a prisoner's condition would result in further significant injury or the unnecessary and

10   wanton infliction of pain contrary to contemporary standards of decency.  Helling v. McKinney, 509

11   U.S. 25, 32-35 (1993); *McGuckin*, 974 F.2d at 1059.  Second, the prison officials must be

12   deliberately indifferent to the risk of harm to the inmate.  Farmer, 511 U.S. at 834.  An official is

13   deliberately indifferent to a serious medical need if the official "knows of and disregards an excessive

14   risk to inmate health or safety."  Id. at 837.  Deliberate indifference requires more culpability than

15   ordinary lack of due care for a prisoner's health.  Id. at 835.  In assessing whether the official acted

16   with deliberate indifference, a court's inquiry must focus on what the prison official actually

17   perceived, not what the official should have known.  *See* Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th

18   Cir. 1995).  If one of the components is not established, the court need not inquire as to the existence

19   of the other.  Helling, 509 U.S. 25.

20        Prison authorities have "wide discretion" in the medical treatment afforded prisoners. Stiltner

21   v. Rhay, 371 F.2d 420, 421 (9th Cir. 1971), *cert. denied*, 387 U.S. 922 (1972).  To prevail on an

22   Eighth Amendment medical claim, the plaintiff must "show that the course of treatment the doctors

23   chose was medically unacceptable under the circumstances . . . and the plaintiff must show that they

24   chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v.

25   McIntosh, 90 F.3d 330, 332 (9th Cir. 1996), *cert. denied*, 519 U.S. 1029.  A claim of mere

26   negligence or harassment related to medical problems is not enough to make out a violation of the

27   Eighth Amendment. Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).  Simple malpractice,

28   REPORT AND RECOMMENDATION - 6

1   or even gross negligence, does not constitute deliberate indifference.  McGuckin, 974 F.2d at 1059.

2   Similarly, a difference of opinion between a prisoner-patient and prison medical authorities regarding

3   what treatment is proper and necessary does not give rise to a § 1983 claim.  Franklin, 662 F.2d at

4   1344; Mayfield v. Craven, 433 F.2d 873, 874 (9th Cir. 1970).   If a plaintiff is claiming a delay of

5   medical care, then he must demonstrate that the delay was actually harmful.  Berry v. Bunnell, 39 F.3d

6   1056, 1057 (9th Cir. 1994) (per curiam); Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990).

7           In this case, Plaintiff alleges that Defendant Alves failed to continue with the "regime of

8   psychotropic medications which had been prescribed by the . . . psychiatrist at Western State Hospital."

9   (Dkt. 9, p. 5).  After viewing all of the summary judgment evidence in the light most favorable to the

10  Plaintiff, the Court must conclude that Plaintiff's constitutional claim fails as a matter of law.

11  Plaintiff has provided no medical evidence to show how he was harmed by not being provided with

12  certain psychotropic medications or how any alleged damage or pain was proximately caused by any

13  deliberate medical indifference of Defendant Alves.  Indeed, Plaintiff has not identified which

14  medications were denied him.  At best, Plaintiff appears to be complaining that he was not treated in

15  a manner that he wished to be treated, which is insufficient as a matter of law to give rise to a claim

16  under Section 1983.

17          Conversely, the undisputed record reflects that during an incarceration of approximately

18  seven months, the Plaintiff was seen approximately twelve times for medical treatment and

19  medications.  The record indicates that Plaintiff was provided with appropriate prescribed psychotropic

20  medication by Defendant Alves during his incarceration at Grays Harbor County Jail.  Accordingly,

21  Defendant Alves' motion for summary judgment should be granted.

22

23                                    **III.  CONCLUSION**

24          For the reasons stated above the court should **GRANT** Defendant Alves' motion for summary

25  judgment and dismiss Plaintiff's claims against her with prejudice.  A proposed order accompanies this

26  Report and Recommendation.  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal

27  Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file

28  REPORT AND RECOMMENDATION - 7

1   written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of

2   those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the

3   time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on

4   **December 15, 2006**, as noted in the caption.

5

6           DATED this  17th   day of November, 2006.

7

8

9

10                                                          Karen L. Strombom
                                                            United States Magistrate Judge
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   REPORT AND RECOMMENDATION - 8